UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
EUGENE KINDELL,
                               Plaintiff,  :
:     12 Civ. 04579 (LGS)
      -against-                        :
:     ORDER AND OPINION
NEW YORK STATE DEPARTMENT OF  :
CORRECTION, *et al.*,                      :
                               Defendants.  :
:
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       Plaintiff Eugene Kindell brings this § 1983 suit against Defendants Correction Officer Ruff, Correction Officer Rivera, Correction Officer Thompson, Captain Nee Ching, and the City of New York. Plaintiff alleges that one of the Defendant Corrections Officers took legal documents from his cell during an institutional search in violation of the United States Constitution. Plaintiff and Defendants cross-move for summary judgment. For the reasons stated below, Defendants' motion for summary judgment is granted in its entirety.

**I. Background**

       In December 2011, Plaintiff was sentenced for the crimes underlying his current incarceration. His appeal of that conviction is ongoing, and Plaintiff was appointed counsel in that appeal on June 26, 2012. On February 4, 2012, Plaintiff was incarcerated on Riker's Island in the Robert N. Davoren Center. While Plaintiff was at a court hearing that day, an institutional search of his cell was conducted. When Plaintiff returned from the court hearing, his cell contained a document stating that his cell had been searched by Defendant Correction Officer Thompson. The following day Plaintiff reported to Defendant Correction Officer Ruff that he was missing legal documents. Correction Officer Ruff reported the issue to Defendant Captain

Nee Ching.  Approximately two months later, Plaintiff later received copies of the missing documents from his daughter.

## II.  Legal Standard

Because "most *pro se* plaintiffs lack familiarity with the formalities of pleading requirements," this Court "must construe *pro se* complaints liberally, applying a more flexible standard to evaluate their sufficiency than [the Court] would when reviewing a complaint submitted by counsel."  *Lerman v. Bd. of Elections*, 232 F.3d 135, 139-140 (2d Cir. 2000).  "However, at some point in a lawsuit even *pro se* litigants must make clear to the court their claims and the facts that they believe entitle them to specific relief.  The summary judgment stage is an appropriate juncture to identify the real issues in a case."  *Salahuddin v. Coughlin*, 781 F.2d 24, 29 (2d Cir. 1986).

A motion for summary judgment may not be granted unless all of the submissions taken together show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *accord El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010).  "The moving party bears the burden of establishing the absence of any genuine issue of material fact."  *Zalaski v. City of Bridgeport Police Dep't*, 613 F.3d 336, 340 (2d Cir. 2010).  In deciding a motion for summary judgment, a court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant."  *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (internal quotation marks omitted).  Not every disputed factual issue is material in light of the substantive law that governs the case.  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**III. Discussion**

Construing Plaintiff's Complaint liberally, Plaintiff brings § 1983 claims against the Corrections Officers pursuant to the First and Fourth Amendment arising out of the loss of his legal papers, a claim for deprivation of property without due process, and a *Monell* claim against the City of New York for the Department of Correction's failure to adequately supervise employees in their institutional searches of inmate cells.

**A. Fourth Amendment Violation**

Because "society is not prepared to recognize as legitimate any subjective expectation of privacy that a [convict] might have in his prison cell" there can be no Fourth Amendment violation for institutional searches of a prison cell. *Willis v. Artuz*, 301 F.3d 65, 69 (2d Cir. 2002) (alteration in original) (internal quotation marks omitted). Accordingly, to the extent the Plaintiff made a § 1983 claim pursuant to the Fourth Amendment, summary judgment is granted to Defendants.

**B. Deprivation of Property**

Plaintiff's allegations concerning his missing documents could be construed to allege a deprivation of his property without due process. "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post[-]deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). New York offers such a remedy through Article 78 proceedings. *Locurto v. Safir,* 264 F.3d 154, 174-175 (2d Cir. 2001); *Chaney v. Koupash,* No. 04 Civ. 136 2008 WL 5423419, at *19 (N.D.N.Y. Sept. 26, 2008). Accordingly, Plaintiff cannot maintain a claim for deprivation of property in this Court.

**C. Denial of Access to the Courts**

Plaintiff's claim regarding his missing legal papers is most favorably construed as a claim arising out of, *inter alia*, the First Amendment for denial of access to the courts. "'[I]t is fundamental that access of prisoners to the courts for the purpose of presenting their complaints may not be denied or obstructed.'" *Morello v. James,* 810 F.2d 344, 347 (2d Cir. 1987); *see also Hiney v. Wilson,* 520 F.2d 589, 591 (2d Cir.1975) (alteration in original) (quoting *Johnson v. Avery*, 393 U.S. 483, 385 (1969) (confiscation of legal papers constitutions a constitutional violation of right to access to the courts). For an access to courts claim, a plaintiff must prove (1) "that the defendant took or was responsible for actions that hindered [the plaintiff's] efforts to pursue a legal claim," *Davis v. Goord,* 320 F.3d 346, 351 (2d Cir. 2003) (internal quotations omitted), (2) "that the defendant's alleged conduct was deliberate and malicious," *id.* (internal quotation marks omitted), and (3) "that a defendant caused actual injury, *i.e.,* took or was responsible for actions that hindered a plaintiff's efforts to pursue a legal claim." *Montanez v. Cuoco,* 361 Fed. Appx. 291, 294 (2d Cir. 2010) (internal quotation marks omitted).

Presuming all disputed issues of fact in the light most favorable to the Plaintiff, he is unable to prove a claim for denial of access to the courts. Even assuming that any of the Defendants took Plaintiff's legal papers, and even assuming that the Defendants acted deliberately or maliciously, Plaintiff cannot show that he suffered any actual injury in his ability to pursue a legal claim. The Plaintiff testified at his deposition that he has received copies of the relevant legal documents from his daughter, and that the criminal appeal to which the documents are relevant is still ongoing. Plaintiff can prove no set of facts to show that his criminal appeal was hindered by not having his legal papers for two months. This is particularly true given that his appeal is still ongoing. Plaintiff cannot prove actual injury unless he can prove his claims

were hindered, and given that there has been no disposition in the appeal for which Plaintiff claims he needed his legal papers, he cannot prove harm.

### D.  *Monell* Claims Against the City of New York

"To prevail against a municipality on a § 1983 claim, a plaintiff must demonstrate both an injury to a constitutionally protected right and that the injury was caused by a policy or custom of the municipality or by a municipal official responsible for establishing final policy." *Hartline v. Gallo,* 546 F.3d 95, 103 (2d Cir. 2008) (internal quotation marks omitted).  The Plaintiff, as explained above, is unable to prove any injury to a constitutionally protected right. Accordingly, Plaintiff cannot make out a municipal liability claim against the City of New York.

### IV.  Conclusion

Defendants' motion for summary judgment is GRANTED in its entirety.  The Clerk of Court is directed to close the case and mail a copy of this order to the Plaintiff.

SO ORDERED.

Dated: November 22, 2013
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE